566 S.E.2d 521

**In the Matter of Samuel Pardue GREER, Respondent.**

**No. 25489.**

Supreme Court of South Carolina.

Submitted June 4, 2002.
Decided July 1, 2002.

Henry B. Richardson, Jr., and Susan M. Johnston, both of Columbia, for the Office of Disciplinary Counsel.

Lucy London McDow, of Rock Hill, for Respondent.

PER CURIAM.

In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel (ODC) have entered into an agreement pursuant to Rule 21, Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR. In the agreement, respondent admits misconduct and consents to a definite suspension of twelve months, retroactive to October 5, 2001. Respondent also consents to the imposition of certain conditions, which are detailed below. We accept the agreement. The following facts are set forth in the agreement.

### *Facts*

In twelve civil matters, respondent failed to timely file suit, resulting in his clients' suits being forever barred by the statute of limitations or otherwise prejudiced.

In another civil matter, respondent failed to comply with orders of the court regarding discovery. As a result of respondent's failure to comply, his client's case was dismissed with prejudice and respondent was sanctioned with payment of significant monetary damages, which he personally paid.

In a domestic matter, respondent's delay in preparing a Qualified Domestic Relations Order prejudiced his client's rights. Additionally, respondent failed to adequately communicate with his client in this matter.

## Law

As a result of his conduct, respondent has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.3 (failing to act with reasonable diligence and promptness in representing a client); Rule 1.4(a) (failing to keep a client reasonably informed about the status of a matter and to promptly comply with reasonable requests for information); Rule 1.16 (failing to decline or terminate representation where the lawyer's physical or mental condition materially impairs the lawyer's ability to represent the client); Rule 3.2 (failing to make reasonable efforts to expedite litigation consistent with the interests of the client); Rule 8.4(a) (violating the Rules of Professional Conduct); and Rule 8.4(e) (engaging in conduct prejudicial to the administration of justice).

Respondent has also violated the following provisions of the Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR: Rule 7(a)(1) (violating the Rules of Professional Conduct); Rule 7(a)(5) (engaging in conduct tending to bring the courts or legal profession into disrepute); Rule 7(a)(6) (violating the oath of office taken upon admission to practice law); and Rule 7(a)(7) (willfully violating a valid court order issued by a court of this state).

## Conclusion

Respondent fully acknowledges that his actions in the aforementioned matters were in violation of the Rules of Professional Conduct and the Rules for Lawyer Disciplinary Enforcement. We hereby suspend respondent from the practice of law for twelve months, retroactive to October 5, 2001. Within fifteen days of the date of this opinion, respondent

shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30, Rule 413, SCACR.

Prior to reinstatement, respondent will certify to the ODC that he will maintain errors and omissions coverage sufficient to cover any future acts of malpractice, that his current aggregate deductible has been paid so that all reported claims are fully covered, and that he has made full restitution to any and all clients whose valid, reported claims have not been covered through his insurance carrier. Respondent will also complete an approved law office management course or hire an approved private consultant to set up an office management system and procedures for his practice. Certification that this course has been completed must be submitted to the ODC within thirty (30) days of the date of reinstatement.

Respondent also consents to participation in the following programs and treatments and to the following restrictions on his practice as a condition of his reinstatement. Respondent will continue psychiatric care until such time as the Commission on Lawyer Conduct is satisfied by a written report from respondent's psychiatrist that treatment can be discontinued or changed to routine maintenance. In the interim, respondent will submit quarterly reports from his psychiatrist and submit to any evaluations or testing required by the Commission. Respondent will find an older, more experienced attorney to act as a mentor. Respondent will meet regularly with his mentor to review the size and manageability of his case load. Respondent will submit quarterly reports to ODC from his mentor for two (2) years. Respondent will restrict his practice to the representation of clients in criminal and family court matters, until the Commission consents to the removal of this condition.

**DEFINITE SUSPENSION.**

TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.